FILED
RICHARD W. NAGEL
CLERK OF COURT

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SEP -2 2025 1:55 P

U.S. DISTRICT COURT
SOUTHERN DISTRICT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. **3:25 cr 077** |
|  | : |  |
| Plaintiff, | : |  |
|  | : | I N D I C T M E N T |
| v. | : |  |
|  | : | 18 U.S.C. § 1512(c)(1) |
| 1. GUANGZHOU TENGYUE CHEMICAL COMPANY, LTD. | : | 18 U.S.C. § 1956(h) |
| 2. GUANGZHOU WANJIANG BIOTECHNOLOGY CO., LTD. | : | 21 U.S.C. § 841(a)(1) |
|  | : | 21 U.S.C. § 846 |
| 3. HEBEI HONGJUN NEW MATERIAL TECHNOLOGY CO., LTD. | : | 21 U.S.C. § 856 |
|  | : | FORFEITURE |
| 4. HEBEI FEILAIMI TECHNOLOGY CO., LTD. | : |  |
| 5. ERIC MICHAEL PAYNE | : |  |
| 6. LIHUI ZHAO | : |  |
| 7. FNU LNU a/k/a "Anna Sofia" | : |  |
| 8. SHANHONG JIANG | : |  |
| 9. YAN YANG | : |  |
| 10. FENGDI ZHANG | : |  |
| 11. DEHUI XIA | : |  |
| 12. XING WU CHEN | : |  |
| 13. QING LIN WANG | : |  |
| 14. XIAOJUN HUANG | : |  |
| 15. MEIXIANG YAO | : |  |
| 16. ZHANPENG HUANG | : |  |
| 17. YUQING FENG | : |  |
| 18. DONGJING SUN | : |  |
| 19. CHENGQI NONG | : |  |
| 20. TIDUO WEI | : |  |
| 21. ZHISONG NIE | : |  |
| 22. JICHAO ZHU | : |  |
| 23. ZHENGZHE YIN | : |  |
| 24. CHANGGEN DU | : |  |
| 25. HONGFEI WANG | : |  |
| 26. HUATAO YAO | : |  |
| 27. XUENING GAO | : |  |
| 28. AURIYON TRESEAN RAYFORD | : |  |
| 29. CIANDREA BRYNE DAVIS | : |  |
|  | : |  |
| Defendants. | : |  |

MICHAEL J. NEWMAN

The Grand Jury charges:

## COUNT ONE

[21 U.S.C. §§ 846 and 841(b)(1)(A)&(C)]

I. INTRODUCTION

    1. At all times relevant to this Indictment:

    a. Based in the People's Republic of China, defendants GUANGZHOU TENGYUE CHEMICAL COMPANY, LTD. (1),[1] GUANGZHOU WANJIANG BIOTECHNOLOGY CO., LTD. (2), HEBEI HONGJUN NEW MATERIAL TECHNOLOGY CO., LTD. (3), and HEBEI FEILAIMI TECHNOLOGY CO., LTD. (4), are businesses that purport to operate as online pharmacies or chemical companies that sell legitimate pharmaceuticals and chemical compounds around the world. In reality, defendants GUANGZHOU TENGYUE CHEMICAL COMPANY, LTD. (1), GUANGZHOU WANJIANG BIOTECHNOLOGY CO., LTD. (2), HEBEI HONGJUN NEW MATERIAL TECHNOLOGY CO., LTD. (3), and HEBEI FEILAIMI TECHNOLOGY CO., LTD. (4) (collectively, "the DEFENDANT COMPANIES") knowingly and illegally market and export to the United States controlled substances and other compounds that the DEFENDANT COMPANIES intend for domestic drug traffickers to use as mixing agents (also known as "cut") to increase the yield and

---

[1] The indictment identifies each individual or corporate entity by defendant name and defendant number.

potency of fentanyl distributed in this country.

  b. Defendants LIHUI ZHAO (6), FNU LNU a/k/a "Anna Sofia" (7), SHANHONG JIANG (8), YAN YANG (9), FENGDI ZHANG (10), DEHUI XIA (11), XING WU CHEN (12), QING LIN WANG (13), XIAOJUN HUANG (14), MEIXIANG YAO (15), ZHANPENG HUANG (16), YUQING FENG (17), DONGJING SUN (18), CHENGQI NONG (19), TIDUO WEI (20), ZHISONG NIE (21), JICHAO ZHU (22), ZHENGZHE YIN (23), CHANGGEN DU (24), HONGFEI WANG (25), HUATAO YAO (26), XUENING GAO (27) (collectively, the "INDIVIDUAL DEFENDANTS") knowingly assisted various DEFENDANT COMPANIES and other entities known to the Grand Jury to distribute cut to the United States and to collect the proceeds of these sales from individuals in the United States for ultimate deposit in financial institutions located overseas.

  c. Residing in the Dayton, Ohio area, defendant ERIC MICHAEL PAYNE (5) knowingly obtained cut from various DEFENDANT COMPANIES with the intent that he and other individuals would use these mixing agents to increase the yield of fentanyl that they had available for sale. With the assistance of defendants AURIYON TRESEAN RAYFORD (28) and CIANDREA BRYNE DAVIS (29), defendant ERIC MICHAEL PAYNE (5) knowingly engaged in thousands of dollars of financial transactions with various INDIVIDUAL

DEFENDANTS to fund these illegal purchases.

II. THE CONSPIRACY

2. Between a beginning date unknown, but at least by in or around January 2022, and in or around August 2025, in the Southern District of Ohio, and elsewhere, defendants GUANGZHOU TENGYUE CHEMICAL COMPANY, LTD. (1), GUANGZHOU WANJIANG BIOTECHNOLOGY CO., LTD. (2), HEBEI HONGJUN NEW MATERIAL TECHNOLOGY CO., LTD. (3), HEBEI FEILAIMI TECHNOLOGY CO., LTD. (4), ERIC MICHAEL PAYNE (5), LIHUI ZHAO (6), FNU LNU a/k/a "Anna Sofia" (7), SHANHONG JIANG (8), YAN YANG (9), FENGDI ZHANG (10), DEHUI XIA (11), XING WU CHEN (12), QING LIN WANG (13), XIAOJUN HUANG (14), MEIXIANG YAO (15), ZHANPENG HUANG (16), YUQING FENG (17), DONGJING SUN (18), CHENGQI NONG (19), TIDUO WEI (20), ZHISONG NIE (21), JICHAO ZHU (22), ZHENGZHE YIN (23), CHANGGEN DU (24), HONGFEI WANG (25), HUATAO YAO (26), XUENING GAO (27), AURIYON TRESEAN RAYFORD (28), CIANDREA BRYNE DAVIS (29), and others known and unknown to the Grand Jury, knowingly and intentionally conspired to possess with intent to distribute and to distribute:

    a. 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], a Schedule II

controlled substance;

    b.    a mixture or substance containing a detectable amount of protonitazene, a Schedule I controlled substance; and

    c.    a mixture or substance containing a detectable amount of metonitazene, a Schedule I controlled substance;

in violation of Title 21, United States Code, Section 841(a)(1).

III. <u>MANNER AND MEANS OF THE CONSPIRACY</u>

    3.    The conspiracy operated, and was designed to operate, in the following manner:

    a.    To increase their sales and to maximize their profits, drug traffickers such as defendant ERIC MICHAEL PAYNE (5), attempt to multiply the quantity of fentanyl in their possession through a process known as "cutting". During the cutting process, drug traffickers mix additional substances (often referred to as "cut") with fentanyl, intending to increase the yield of this drug mixture available for resale. Historically, drug traffickers used largely inert or neutral cut ranging from baby powder to creatine as the mixing agent with fentanyl. Drug traffickers soon learned that, while this inert cut increased the yield of the fentanyl product, it conversely decreased the mixture's potency, causing customers to complain concerning the quality of the product. Drug traffickers began

searching for new cutting agents that not only multiplied the fentanyl yield but also maintained (if not increased) its strength, which, in turn, would drive up demand for this illegal product.

   b. To assist drug dealers in this process, the DEFENDANT COMPANIES – including GUANGZHOU TENGYUE CHEMICAL COMPANY, LTD. (1), GUANGZHOU WANJIANG BIOTECHNOLOGY CO., LTD. (2), HEBEI HONGJUN NEW MATERIAL TECHNOLOGY CO., LTD. (3), and HEBEI FEILAIMI TECHNOLOGY CO., LTD. (4) – openly marketed, delivered, and exported to the United States various compounds and chemicals that they intended for domestic drug dealers to use as cut to increase the yield and the potency of the fentanyl distributed in this country. On occasion, the DEFENDANT COMPANIES knowingly offered to sell to individuals in the United States and sold for distribution in the United States, including to defendant ERIC MICHAEL PAYNE (5) in the Southern District of Ohio, cutting agents that were themselves controlled substances, such as protonitazene and metonitazene. Protonitazene and metonitazene are both Schedule I controlled substances that respectively have potencies 100 times and 200 times more powerful than morphine. At other times, the DEFENDANT COMPANIES knowingly sent to the United States as fentanyl cutting agents

other compounds such medetomidine and xylazine, commonly used as animal tranquilizer unapproved for human consumption in the United States. In sending to the United States these controlled substances, compounds, and chemicals -- including, but not limited to, protonitazene, metonitazene, medetomidine and xylazine -- the DEFENDANT COMPANIES knew drug dealers in this country intended to use these cutting agents to increase the yield and potency of their fentanyl. For example, one kilogram of medetomidine effectively transforms a single kilogram of fentanyl and inert cut into dozens of kilograms of fentanyl mixture bound for street-level sales.

    c. To facilitate these sales of illegal cutting agents to the United States, the DEFENDANT COMPANIES used a series of foreign nationals – various INDIVIDUAL DEFENDANTS – to solicit customers on their behalf, to negotiate the sale of their illegal cutting agents, and to secure payments for this contraband. For instance, acting on behalf of various DEFENDANT COMPANIES, defendants LIHUI ZHAO (6), FNU LNU a/k/a "Anna Sofia" (7), and SHANHONG JIANG (8) marketed in the English language these cutting agents for sale in, among other places, the Southern District of Ohio, through the internet and social media platforms. Specifically, on one or more public media sites, on

behalf of defendant GUANGZHOU WANJIANG BIOTECHNOLOGY CO., LTD. (2), defendant FNU LNU a/k/a "Anna Sofia" (7) advertised, asking people, including individuals in the Southern District of Ohio, to contact her at specific phone numbers to purchase "protonitazene", "medetomidine", and "xylazine". In or around April 2024, from the Southern District of Ohio, defendant ERIC MICHAEL PAYNE (5) contacted one of these numbers associated with defendant GUANGZHOU WANJIANG BIOTECHNOLOGY CO., LTD. (2) and defendant FNU LNU a/k/a "Anna Sofia" (7) to arrange the purchase of cut and coordinate a forthcoming payment to fund this illegal sale. Likewise, defendant HEBEI HONGJUN NEW MATERIAL TECHNOLOGY CO., LTD. (3) solicited on public social media that it had available for sale, among other things, "metonitazene" and directed people to contact the company at a certain email address and phone number. Working on behalf of or in association with HEBEI HONGJUN NEW MATERIAL TECHNOLOGY CO., LTD. (3), defendant SHANHONG JIANG (8) used this contact information to market cut to, among other places, the United States. In or around April 2024, defendant ERIC MICHAEL PAYNE (5) contacted a phone number associated with HEBEI HONGJUN NEW MATERIAL TECHNOLOGY CO., LTD. (3) and SHANHONG JIANG (8) to arrange the purchase of cut and coordinate a forthcoming payment to fund

this illegal sale. On other occasions, INDIVIDUAL DEFENDANTS – including defendant ZHENGZHE YIN (23) – marketed and sold to individuals in the United States, including defendant ERIC MICHAEL PAYNE (5), tools used to facilitate the fentanyl cutting process, such as presses.

    d. Having advertised their illegal product in public forums, the DEFENDANT COMPANIES arranged for various INDIVIDUAL DEFENDANTS – including, but not limited to, defendants XIAOJUN HUANG (14), MEIXIANG YAO (15), ZHANPENG HUANG (16), YUQING FENG (17) – to negotiate with individuals in the United States, including people in the Southern District of Ohio, the terms of sale for these cutting agents. For instance, defendants XIAOJUN HUANG (14), MEIXIANG YAO (15), ZHANPENG HUANG (16), and YUQING FENG (17) bargained concerning prices, quantities, shipment details, and payments for the cutting agents. Upon finalizing these negotiations, defendants XIAOJUN HUANG (14), MEIXIANG YAO (15), ZHANPENG HUANG (16), and YUQING FENG (17) instructed their buyers to transfer cryptocurrency as payments for the cut to various crypto wallets under their control and that of the DEFENDANT COMPANIES and various INDIVIDUAL DEFENDANTS, including, but not limited to, defendants ZHISONG NIE (21) and JICHAO ZHU (22). On other occasions, the sellers ordered the

buyer to direct payments for cutting agents through traditional bank and financial accounts held by, and under the control of various INDIVIDUAL DEFENDANTS, including, but not limited to, YAN YANG (9), FENGDI ZHANG (10), DEHUI XIA (11), XING WU CHEN (12), QING LIN WANG (13), ZHANPENG HUANG (16), CHANGGEN DU (24), HONGFEI WANG (25), HUATAO YAO (26), and XUENING GAO (27).

    e. Having negotiated the purchase of the cutting agents and arranged the shipment of this illegal product to the United States, domestic drug traffickers, including defendant ERIC MICHAEL PAYNE (5), directly transferred cryptocurrency from the Southern District of Ohio to crypto wallets under the control of the DEFENDANT COMPANIES and various INDIVIDUAL DEFENDANTS, including, but not limited to, XIAOJUN HUANG (14), MEIXIANG YAO (15), and JICHAO ZHU (22); the participants in these transactions knew that the transfers represented payment for the illegal cut. For instance, between at least January 2022 and the present, defendant ERIC MICHAEL PAYNE (5), with the knowing assistance of defendants AURIYON TRESEAN RAYFORD (28) and CIANDREA BRYNE DAVIS (29), sent over the equivalent of $70,000 in cryptocurrency to various wallets as payment for cut that he intended for delivery to and redistribution in the United States, including the Southern District of Ohio.

f. Upon receiving from drug traffickers in the United States the cryptocurrency payments for the illegal cut, the DEFENDANT COMPANIES transferred these funds through a series of crypto wallets and bank accounts that various INDIVIDUAL DEFENDANTS, including defendants XIAOJUN HUANG (14), MEIXIANG YAO (15), ZHANPENG HUANG (16), YUQING FENG (17), DONGJING SUN (18), CHENGQI NONG (19), TIDUO WEI (20), ZHISONG NIE (21), and JICHAO ZHU (22) purposefully held to facilitate the movement of these digital assets until they could be converted into foreign currency bound for international banks. When receiving traditional payments such as wire transfers for cut, the DEFENDANT COMPANIES likewise funneled this money through a series of financial transactions and bank accounts under the control of, and associated with, various INDIVIDUAL DEFENDANTS, including YAN YANG (9), FENGDI ZHANG (10), DEHUI XIA (11), XING WU CHEN (12), QING LIN WANG (13), ZHANPENG HUANG (16), CHANGGEN DU (24), HONGFEI WANG (25), HUATAO YAO (26), and XUENING GAO (27) – for ultimate distribution in international banks. Meanwhile, the DEFENDANT COMPANIES shipped and caused to be shipped the illegal cut to their customers in the United States.

g. Drug traffickers, including defendant ERIC MICHAEL PAYNE (5) received these illegal cut shipments in the

United States, including the Southern District of Ohio. At times, defendant ERIC MICHAEL PAYNE (5) resold these illegal cutting agents to other drug dealers, intending these dealers to use these mixtures to increase the yield and potency of their fentanyl for resale in the United States. On other occasions, defendant ERIC MICHAEL PAYNE (5) intentionally mixed these cutting agents with fentanyl that he possessed. Defendant ERIC MICHAEL PAYNE (5) then resold this fentanyl cocktail to other drug dealers in southern Ohio and elsewhere.

  h. In this manner, defendants GUANGZHOU TENGYUE CHEMICAL COMPANY, LTD. (1), GUANGZHOU WANJIANG BIOTECHNOLOGY CO., LTD. (2), HEBEI HONGJUN NEW MATERIAL TECHNOLOGY CO., LTD. (3), HEBEI FEILAIMI TECHNOLOGY CO., LTD. (4), ERIC MICHAEL PAYNE (5), LIHUI ZHAO (6), FNU LNU a/k/a "Anna Sofia" (7), SHANHONG JIANG (8), YAN YANG (9), FENGDI ZHANG (10), DEHUI XIA (11), XING WU CHEN (12), QING LIN WANG (13), XIAOJUN HUANG (14), MEIXIANG YAO (15), ZHANPENG HUANG (16), YUQING FENG (17), DONGJING SUN (18), CHENGQI NONG (19), TIDUO WEI (20), ZHISONG NIE (21), JICHAO ZHU (22), ZHENGZHE YIN (23), CHANGGEN DU (24), HONGFEI WANG (25), HUATAO YAO (26), XUENING GAO (27), AURIYON TRESEAN RAYFORD (28), CIANDREA BRYNE DAVIS (29), worked together to import illegally into the United States dozens of kilograms of

cutting agents they intended domestic drug dealers to use to mix with and increase the yield of their fentanyl product, which they illegally distributed in this country.

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)&(C).

## COUNT TWO

[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)]

4. On or about August 22, 2025, in the Southern District of Ohio, defendant ERIC MICHAEL PAYNE (5) knowingly and intentionally possessed with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A).

## COUNT THREE

[21 U.S.C. § 856(a)(2)]

5. On or about August 22, 2025, in the Southern District of Ohio, defendant AURIYON TRESEAN RAYFORD (28) knowingly and intentionally controlled any place whether permanently or temporarily, as a lessee and occupant, and in doing so, knowingly and intentionally made available for use, with and without compensation, the place for the purpose of unlawfully storing and distributing a controlled substance.

In violation of Title 21, United States Code, Section 856(a)(2).

## COUNT FOUR

[18 U.S.C. § 1512(c)(1)]

6. On or about August 22, 2025, in the Southern District of Ohio, defendant ERIC MICHAEL PAYNE (5) corruptly attempted to alter, destroy, mutilate, and conceal an object – namely, a cellular telephone – with the intent to impair their integrity and availability for use in an official proceeding.

In violation of Title 18, United States Code, Sections 1512(c)(1) and 2.

COUNT FIVE

[18 U.S.C. § 1956(h)]

7. The Grand Jury realleges and incorporates herein by reference Paragraphs 1(a)-(c) and 3(a)-(h) as set forth in full.

8. Between a beginning date unknown, but at least by in or around 2022 and in or around August 2025, in the Southern District of Ohio, and elsewhere, defendants GUANGZHOU TENGYUE CHEMICAL COMPANY, LTD. (1), GUANGZHOU WANJIANG BIOTECHNOLOGY CO., LTD. (2), HEBEI HONGJUN NEW MATERIAL TECHNOLOGY CO., LTD. (3), HEBEI FEILAIMI TECHNOLOGY CO., LTD. (4), ERIC MICHAEL PAYNE (5), LIHUI ZHAO (6), FNU LNU a/k/a "Anna Sofia" (7), SHANHONG JIANG (8), YAN YANG (9), FENGDI ZHANG (10), DEHUI XIA (11), XING WU CHEN (12), QING LIN WANG (13), XIAOJUN HUANG (14), MEIXIANG YAO (15), ZHANPENG HUANG (16), YUQING FENG (17), DONGJING SUN (18), CHENGQI NONG (19), TIDUO WEI (20), ZHISONG NIE (21), JICHAO ZHU (22), ZHENGZHE YIN (23), CHANGGEN DU (24), HONGFEI WANG (25), HUATAO YAO (26), XUENING GAO (27), AURIYON TRESEAN RAYFORD (28), CIANDREA BRYNE DAVIS (29), and others known and unknown to the Grand Jury knowingly conspired to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, namely:

a. to transport, transmit, and transfer, and attempt to transport, transmit, and transfer funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity – namely, conspiracy to distribute and to possess with intent to distribute controlled substances in violation of Title 21, United States Code, Section 846 – in violation of Title 18, United States Code, Section 1956(a)(2)(A);

b. to transport, transmit, and transfer, and attempt to transport, transmit, and transfer funds from a place in the United States to and through a place outside the United States knowing that the funds involved in the transportation, transmission, and transfer represent the proceeds of some form of unlawful activity – namely, conspiracy to distribute and to possess with intent to distribute controlled substances in violation of Title 21, United States Code, Section 846 – and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity -- namely, conspiracy to distribute and to possess with intent to distribute controlled substances in violation of Title 21,

United States Code, Section 846 -- in violation of Title 18, United States Code, Section 1956(a)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATION ONE

Upon conviction of one or more of the offenses set forth in Counts One through Three of this Indictment, defendants GUANGZHOU TENGYUE CHEMICAL COMPANY, LTD. (1), GUANGZHOU WANJIANG BIOTECHNOLOGY CO., LTD. (2), HEBEI HONGJUN NEW MATERIAL TECHNOLOGY CO., LTD. (3), HEBEI FEILAIMI TECHNOLOGY CO., LTD. (4), ERIC MICHAEL PAYNE (5), LIHUI ZHAO (6), FNU LNU a/k/a "Anna Sofia" (7), SHANHONG JIANG (8), YAN YANG (9), FENGDI ZHANG (10), DEHUI XIA (11), XING WU CHEN (12), QING LIN WANG (13), XIAOJUN HUANG (14), MEIXIANG YAO (15), ZHANPENG HUANG (16), YUQING FENG (17), DONGJING SUN (18), CHENGQI NONG (19), TIDUO WEI (20), ZHISONG NIE (21), JICHAO ZHU (22), ZHENGZHE YIN (23), CHANGGEN DU (24), HONGFEI WANG (25), HUATAO YAO (26), XUENING GAO (27), AURIYON TRESEAN RAYFORD (28), and CIANDREA BRYNE DAVIS (29) shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s), and (2) any property used, or intended to be used,

in any manner or part, to commit, or to facilitate the commission of, such violation(s), including but not limited to the following:

    a. Cryptocurrency held in a Binance account, associated with UID ending in 52435 and registered to XIAOJUN HUANG (14) holding approximately $18,958 USD;

    b. Cryptocurrency held in a Binance account, associated with UID ending in 36279 and registered to MEIXIANG YAO (15) holding approximately $9,826 USD;

    c. Cryptocurrency held in an OKX account, associated with UUID ending in 39104 and registered to MEIXIANG YAO (15) holding approximately $10,087 USD;

    d. Cryptocurrency held in an OKX account, associated with UUID ending in 08928 and registered to XIAOJUN HUANG (14) and holding approximately $0.05 USD;

    e. Cryptocurrency held in an OKX account with UUID ending in 90120 OKX #2 and registered to CHENGQI NONG (19) and holding approximately $15,077 USD; and

    f. A forfeiture money judgment in the amount of proceeds that the defendants obtained as a result of the violation(s).

## FORFEITURE ALLEGATION TWO

Upon conviction of the offense set forth in Count Five of this Indictment, defendants GUANGZHOU TENGYUE CHEMICAL COMPANY, LTD. (1), GUANGZHOU WANJIANG BIOTECHNOLOGY CO., LTD. (2), HEBEI HONGJUN NEW MATERIAL TECHNOLOGY CO., LTD. (3), HEBEI FEILAIMI TECHNOLOGY CO., LTD. (4), ERIC MICHAEL PAYNE (5), LIHUI ZHAO (6), FNU LNU a/k/a "Anna Sofia" (7), SHANHONG JIANG (8), YAN YANG (9), FENGDI ZHANG (10), DEHUI XIA (11), XING WU CHEN (12), QING LIN WANG (13), XIAOJUN HUANG (14), MEIXIANG YAO (15), ZHANPENG HUANG (16), YUQING FENG (17), DONGJING SUN (18), CHENGQI NONG (19), TIDUO WEI (20), ZHISONG NIE (21), JICHAO ZHU (22), ZHENGZHE YIN (23), CHANGGEN DU (24), HONGFEI WANG (25), HUATAO YAO (26), XUENING GAO (27), AURIYON TRESEAN RAYFORD (28), and CIANDREA BRYNE DAVIS (29), shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property including, but not limited to, the specific property named paragraphs a through e of Forfeiture Allegation One and a forfeiture money judgment in the amount of money involved in the offense.

SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), or as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the defendants, up to the value of the property described above.

A TRUE BILL

_____S/_____
Foreperson

DOMINICK. S. GERACE II
United States Attorney

_[signature]_
BRENT G. TABACCHI
ELIZABETH L. McCORMICK
Assistant United States Attorneys